IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                    PETITIONER/RESPONDENT

v.                       Civil No. 05-1119
                         Criminal No. 1:98cr10005-001

ROBERT ROBINSON                                             RESPONDENT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned is the petition for writ of habeas corpus, filed by the Petitioner, Robert Robinson, pursuant to *28 U.S.C. § 2241* (Doc. #86)  After review of the motion and entire record herein, we find that the motion should be dismissed.

**Procedural history and backgrou**

On May 12, 1998, Robinson was charged, by indictment filed in this court, with two counts of distribution of cocaine base in violation of *28 U.S.C. § 841(a)(1).* (Doc. # 1)  On December 7, 1998, Robinson was convicted at a jury trial (Doc. # 20, 21) and on February 22, 1999, Rogers was sentenced to a term of 360 months imprisonment, on each count, to run concurrently, to be followed by eight years of supervised release, and he was assessed a fine of $2,000.00. (Doc. # 28) No direct appeal was pursued.

Since his conviction, Robinson has sought to attack his conviction and sentence via petitions for writ of habeas corpus pursuant to *28 U.S.C. § 2241* and motions to vacate, set aside or correct sentence pursuant to *28 U.S.C. § 2255*.  Robinson's first post conviction pleading was his motion pursuant to *28 U.S.C. § 2255* filed on August 2, 2000. (Doc. # 30)  By order entered on November 17, 2000, this court granted the motion of the United States to dismiss Robinson's *§ 2255* motion as time barred by the limitations provision of *28 U.S.C. § 2255*. *28 U.S.C. § 2255*

(providing for a one year time limit for the filing of motions under *§ 2255*). (Doc. #42) Robinson appealed and the United States Court of Appeals for the Eighth Circuit dismissed the appeal for lack of jurisdiction by judgment entered in this court on April 24, 2001. (Doc. #50)

Subsequently, Robinson filed motions under *§ 2241* on January 22, 2003 (Doc. #51 & 52) and March 25, 2003. (Doc. #65) As each of these motions constituted a challenge to his conviction or sentence rather than the execution of the sentence, they were construed by this court as motions to vacate, set aside or correct sentence pursuant to *28 U.S.C. § 2255*. "A challenge to a federal conviction ... is most appropriately brought as a motion under 28 U.S.C. § 2255." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). Each of these motions was dismissed as this court lacked jurisdiction to consider the same because Robinson had not obtained authorization from the United States Court of Appeals to file a second or successive *§ 2255* motion. (Doc. #74, 75) *28 U.S.C. § 2255* (movant must obtain leave from the appropriate court of appeals authorizing the district court to consider a second or successive *§ 2255* application); *Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir. 1998)(such restrictions are not an unconstitutional suspension of the writ of habeas corpus); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(Only the Court of Appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D. Ark 1996) (citing *Nunez*). Appeals of these dismissals were dismissed.

On December 2, 2005, Robinson filed the *§ 2241* petition now before this court. Again, by this petition Robinson attacks his conviction asserting that: (1) his attorney had an obligation to appeal his conviction and sentence but failed to do so; (2) Robinson was incompetent to stand trial; (3) his attorney should not have permitted him to stand trial in view of his alleged incompetence;

AO72A
(Rev. 8/82)

and (4) his conviction was obtained by the use of "false evidence." (Doc. #86)

Again, because Robinson's petition attacks his conviction and sentence it must be construed as a motion to vacate, set aside or correct sentence pursuant to *28 U.S.C. § 2255*, *United States v. Lurie*, 207 F.3d at 1077, and, as before, it is subject to dismissal as Robinson has not been granted permission by the Court of Appeals to file a second or successive *§ 2255* motion. *U.S.C. § 2255*. Indeed, Robinson has previously been denied such authorization. (Doc. #64, 77).

As this court lacks jurisdiction to consider Robinson's pending *§ 2255* motion, the motion must be dismissed. *United States v. Avila-Avila*, 132 F.2d 1347, 1348-49 (10th Cir. 1997) (district court lacks jurisdiction to consider a successive petition absent authorization from the appropriate court of appeals).

**Conclusion**:

Based upon the foregoing analysis, we find that this court lacks jurisdiction to consider the subject motion (Doc. #86) and we recommend that the motion be dismissed.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of February 2006.

*/s/ Bobby E. Shepherd*
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)