IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA            PETITIONER/RESPONDENT

VS.            CIVIL CASE NO. 05-CV-1119
CRIMINAL CASE NO. 98-CR-10005-001

ROBERT ROBINSON            RESPONDENT/MOVANT

## ORDER

Before the Court is the Report and Recommendation filed on February 8, 2006, by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 88). On February 21, 2006, Respondent/Movant filed objections to the Report and Recommendation.[1] (Doc. No. 90).

The Respondent/Movant, Robert Robinson, was convicted on two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) on December 7, 1998. On February 22, 1999, he was sentenced to 360 months imprisonment, followed by eight years of supervised release, and assessed a fine of $2,000.00.

Robinson did not pursue any direct appeals. He has, however, sought to attack his conviction and sentence via petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

On August 2, 2000, Robinson filed his first post conviction pleading pursuant to 28

---

[1] After the Report and Recommendation was filed in this action and before Robinson filed his objections, he filed a "supplementation to petition for a writ of habeas corpus." This supplement has been dismissed by the Court as untimely. (Doc. No. 91).

U.S.C. § 2255. On November 17, 2000, the motion was dismissed as time barred by the limitations provisions of 28 U.S.C. § 2255. Robinson appealed the Court's ruling to the United States Court of Appeals for the Eighth Circuit. On April 24, 2001, the appeal was dismissed for lack of jurisdiction by the Eighth Circuit.

On January 22, 2003, Robinson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court found that Robinson's § 2241 petition was in fact a petition pursuant to § 2255 in that it attacked the validity of his conviction and sentence. The Court dismissed Robinson's petition for lack of jurisdiction because Robinson had not obtained authorization to file a successive § 2255 from the Eighth Circuit.[2] *See* 28 U.S.C. § 2255.

On March 25, 2003, Robinson filed a second § 2241 petition with the Court. Again, the Court found that Robinson's § 2241 petition was in fact a motion challenging his conviction pursuant to § 2255. And, again, the Court dismissed Robinson's petition for lack of jurisdiction.

On December 2, 2005, Robinson has again filed a § 2241 petition with the Court. Judge Shepherd recommends that the motion be dismissed on the grounds that this Court lacks jurisdiction to consider the motion. After reviewing the record *de novo,* the Court agrees and adopts the Magistrates's Report and Recommendation as its own.

A properly filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on behalf of a sentenced prisoner attacks the execution of his sentence, not the validity of the sentence itself. *Matheny v. Morrison,* 307 F.3d 709, 710 (8th Cir. 2002). In both his petition and his objections, Robinson does not attack the execution of his sentence. Rather, he attacks the

---

[2] On January 22, 2003, Robinson also filed an application for leave to file a second or successive § 2255 motion. On March 12, 2003, the Court of Appeals denied Robinson's petition for authorization to file a "successive habeas application in the district court."

conviction itself by asserting that: 1) his attorney had an obligation to appeal his conviction and sentence but failed to do so; 2) he was incompetent to stand trial; 3) his attorney should not have permitted him to stand trial in view of his alleged incompetence; and 4) his conviction was unlawful and obtained by the use of "false evidence." "A challenge to a federal conviction ... is most appropriately brought as a motion under 28 U.S.C. § 2255." *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000). Therefore, even though Robinson has presented this motion as one falling under a § 2241 federal habeas corpus petition, it is in actuality a motion to vacate, set aside or correct sentence under § 2255 and the Court must treat it as such.

Before a district court may consider a second or successive § 2255 motion, the movant must first obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2255. Robinson has not received permission from the Eighth Circuit to file a second or successive § 2255 motion. In fact, he has twice been denied such authorization. This Court lacks jurisdiction to consider Robinson's pending § 2255 motion. Therefore, the motion must be dismissed. *United States v. Avila-Avila,* 132 F.2d 1347, 1348-49 (10th Cir. 1997).

For the reasons set forth above, the Court adopts the Magistrate Judge's Report and Recommendation and finds that the Court lacks jurisdiction to consider the subject motion now pending before the Court. The motion should be and hereby is **dismissed**.

IT IS SO ORDERED, this 6th day of April, 2006.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge